# In the United States Court of Federal Claims

NOT FOR PUBLICATION

| | |
|---|---|
| CHUNLIN LI,<br><br>                     Plaintiff,<br><br>    v.<br><br>THE UNITED STATES,<br><br>                     Defendant. | No. 24-cv-958<br>(Filed:  October 25, 2024) |

Chunlin Li, pro se.

Joshua N. Schopf, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant. With him on the briefs were Brian M. Boynton, Principal Deputy Assistant Attorney General, Patricia M. McCarthy, Director, and Deborah A. Bynum, Assistant Director.

**MEMORANDUM OPINION AND ORDER**

Meriweather, Judge.

      Plaintiff, Chunlin Li, appearing pro se, filed a Complaint on June 20, 2024, seeking damages from the United States related to the denial of her green card application. *See* Compl., ECF No. 1. Ms. Li alleges that the United States Citizenship and Immigration Services ("USCIS") blackmailed her by collecting her green card application fee and then denying her application a few weeks later. *Id.* at 1. Ms. Li further alleges that USCIS has discriminated against her based on her nationality and sexual orientation. *Id.* at 4.

      The United States filed a Motion to Dismiss under Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"), which is currently pending before the Court. *See* Def. Mot. to Dismiss, ECF No. 7 ("Mot."). Giving deference to Ms. Li's pro se status, the United States nonetheless contends that the Court should dismiss Ms. Li's Complaint because her claims are outside the scope of this Court's limited jurisdiction. *Id.* at 2–3. Specifically, the United States argues that the Court lacks jurisdiction over immigration matters and civil rights discrimination claims and that Ms. Li's Complaint also must be dismissed for failure to state a claim upon which the Court can grant relief. *Id.* at 3–4. Having reviewed the parties' briefs[1] and the relevant law, the Court GRANTS the United States' Motion to Dismiss.

---

      [1] This opinion is based on the following filings: Compl., ECF No.1; Mot., ECF No. 7; Pl.'s

Ms. Li's claims arise from her green card application. She alleges that on March 17, 2021, she interviewed with USCIS for a green card. Compl. at 4. She further alleges that on September 23, 2021, USCIS notified her that she needed to submit USCIS Form I-601 with her application. *Id.* She asserts that she submitted Form I-601 and the required $930 application fee. *Id.* Ms. Li alleges that on November 17, 2021, USCIS rejected her application because her ex-wife declined to sponsor her application. *Id.* Ms. Li contends that as of September 10, 2021, USCIS allegedly knew that her ex-wife would not sponsor her but collected the application fee anyway on October 5, 2021. *Id.* Ms. Li alleges that USCIS "blackmail[ed]" her for the $930 fee "while not doing anything" regarding her green card application. *Id.* at 5. Plaintiff further alleges that USCIS discriminated against her because she is "an Asian Lesbian" but does not provide any evidence or legal basis in support of this claim. *Id.* at 4. The "Motion to Keep Tr[i]al"[2] lists the amounts Ms. Li has paid in USCIS application fees, immigration company fees, and alleged loss of salary due to revocation of her work card. ECF No. 12 at 3. She requests that the Court order the Government to pay her these amounts. *Id*

While the Court holds pro se plaintiffs to a less stringent standard than plaintiffs with attorney representation, pro se plaintiffs still bear the burden of establishing the Court's jurisdiction. *See Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (citing *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004))); *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); *see* RCFC 12(b)(1).

The Court derives its power primarily from the Tucker Act, which provides, in relevant part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, to establish that a case falls within this Court's limited jurisdiction, plaintiffs must base their claims on a substantive law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006). This is commonly referred to as a

---

Opp. to Mot. to Dismiss, ECF No. 8 ("Opp."); Def.'s Reply, ECF No. 11 ("Reply"). Throughout, page citations to documents in the record refer to the pagination assigned by PACER/ECF.

[2] On September 23, 2024, the Court denied this motion because it is largely duplicative of Plaintiff's earlier-filed Opposition to Defendant's Motion to Dismiss, ECF No. 8, except for the additional information about expenses related to Plaintiff's claims. *See* Order, ECF No. 13.

"money-mandating" statute. *Id.* Plaintiffs also must make a nonfrivolous assertion that they are within the class of plaintiffs eligible for relief under the relevant money-mandating statute. *Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1307 (Fed. Cir. 2008).

Here, the Court lacks jurisdiction over Ms. Li's claims because there is no applicable money-mandating statute on which she can base her claims. Ms. Li takes issue with an administrative agency's application of the immigration laws and regulations. However, she has not identified a "substantive right enforceable against the United States for money damages." *Testan*, 424 U.S. at 398. This Court does not have jurisdiction over immigration matters. *See*, *e.g.*, *Haque v. United States*, 236 F. App'x 622, 623–24 (Fed. Cir. 2007) (holding that this Court has no jurisdiction to entertain disputes on naturalization matters); *Allicock v. United States*, No. 12-858 C, 2012 WL 6552855 at *3 (Fed. Cl. Dec. 14, 2012) ("[T]he court does not have jurisdiction to entertain claims involving immigration matters."). Those laws do not mandate that the United States compensate individuals for fees improperly paid or costs incurred in connection with applications for green cards or other immigration matters. Indeed, green card application fees are governed by statute and USCIS regulations, which specifically state that application fees "are non-refundable regardless of the outcome of the benefit request, or how much time the adjudication requires, and any decision to refund a fee is at the discretion of USCIS." 8 C.F.R. 103.2(a)(1). Consequently, the fact that Ms. Li seeks to recover fees that she allegedly paid to USCIS and monetary losses she claims to have suffered does not bring her claims within this Court's limited jurisdiction.

Ms. Li's discrimination claim fails for similar reasons. It is well settled that this court lacks jurisdiction "to entertain claims involving race, sex, and age discrimination or other claims involving civil rights violations." *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998). Title VII of the Civil Rights Act of 1964 gives United States District Courts exclusive jurisdiction over claims or race and sex discrimination against the United States. *See id.*; 42 U.S.C. § 2000e-16(c), (d). Thus, this Court cannot entertain Ms. Li's allegations that the green card process was discriminatory.

In sum, although the Court recognizes Plaintiff's frustration concerning the process for adjudicating her green card application, it lacks authority to review this matter. Therefore, the Court must dismiss Plaintiff's claims for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1). Having reached that conclusion, it is unnecessary to evaluate the United States' alternative argument that the complaint also should be dismissed pursuant to RCFC 12(b)(6) for failure to state a claim.

## CONCLUSION

For the reasons set forth above, the Court does not have subject matter jurisdiction over Plaintiff's claims and they are subject to dismissal pursuant to RCFC 12(b)(1).  Accordingly, the Court hereby **GRANTS** the Government's Motion to Dismiss, ECF No. 7.  The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED.**

*/s/Robin M. Meriweather*
ROBIN M. MERIWEATHER
Judge
